# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SANDRA F. LUKE,                )
                               )
        Plaintiff,             )
                               )
VS.                            )   Case No. 07-1078-WEB
                               )
HAWKER BEECHCRAFT CORP.,       )
*et al.*,                      )
                               )
        Defendants.            )
_____)

## MEMORANDUM AND ORDER DENYING
## PLAINTIFF'S MOTION TO AMENDMENT THE COMPLAINT

Before the Court is Plaintiff's motion for an Order allowing amendment to the Complaint. (Doc. 21.) Defendant has responded in opposition. (Doc. 23.) Plaintiff did not reply and the time to do so has expired. D. Kan. Rule 6.1(d)(1). Having carefully reviewed the submissions of the parties, as well as the procedural history of this case, the Court is prepared to rule.

### BACKGROUND

Plaintiff filed the present action on March 19, 2007, alleging violations of the Employee Retirement Income Security Act of 1974 § 2, 29 U.S.C.A. § 1001, *et*

1

*seq.* (Doc. 1.)  Prior to obtaining service on the named Defendant, Plaintiff filed her First Amended Complaint on July 5, 2007.  (Doc. 2.)  After Plaintiff obtained service on Defendant Hawker Beechcraft Corporation ("HBC"), that Defendant Answered on November 27, 2007.  (Doc. 6.)  The Answer included the affirmative defense that Plaintiff "failed to name and serve an indispensable party."  (*Id*., at 3.)

Plaintiff subsequently filed a Motion for Extension of Time, requesting "an order allowing her to serve the Raytheon Benefits Company out of time."  (Doc. 11.)  Despite Defendant's objections, the Court granted Plaintiff's motion on February 28, 2008.  (Doc. 13.)  In that Order, which is incorporated herein by reference, the Court noted that

> the benefit plan under which Plaintiff claims to be entitled to receive benefits is the 'Raytheon Aircraft Company Retirement Income Plan for Hourly Paid Employees' and that this fact has been conveyed to Plaintiff repeatedly during the years of 2005 and 2006.[1]
> (Doc. 12 at ¶ 9.)
>
> Notwithstanding the fact that Plaintiff has been advised of the name of the proper defendant benefit plan, Plaintiff has not made any attempt to amend her complaint to specifically name the proper benefit plan, nor has she attempted to properly serve that specific entity.  Instead, Plaintiff has now filed the present motion

---

[1] In addition, defense counsel apparently informed Plaintiff's counsel in August 2007, in no uncertain terms, "that the party that needed to be served was identified in the benefit plan."  (Doc. 13, at n. 2; *see also* Doc. 12, at 7.)

>seeking an extension of time to serve "Raytheon Benefits Company," an entity that apparently does not exist. (Doc. 12 at 1 n. 1.)  The pending motion was filed six months after the filing of the Amended Complaint which attempted to name some benefit plan as a defendant in the case.

(Doc. 13, at 3.)  This Court "<u>reluctantly</u>" granted Plaintiff's motion, treating it as "effectively a motion to amend to name 'Raytheon Aircraft Company Retirement Income Plan for Hourly Paid Employees' as a party defendant."  (*Id*., at 9 (emphasis in original).)

Plaintiff was given until March 7, 2008, to file her Amended Complaint "identifying that entity as a party defendant" and until March 31, 2008, to complete service of the summons on that named defendant.  (*Id*.)  Plaintiff was specifically advised that "no further extensions will be considered or allowed to the above deadlines and Plaintiff must comply with the requirements set out in this Memorandum and Order in all regards."  (*Id*.)  The Court continued that "[a]ny failure" by Plaintiff "to meet the deadlines set out in this Memorandum and Order may subject Plaintiff to dismissal of any purported claims against the proper defendant-benefit plan."  *Id*.  Plaintiff filed her Second Amended Complaint on March 3, 2008, which named "Raytheon Aircraft Company Retirement Income Plan for Hourly Paid Employees" as a Defendant (hereinafter "the Plan").  (Doc. 14.)

3

The Plan filed its Answer on March 27, 2008, which included an affirmative defense that Plaintiff failed to state a claim upon which relief may be granted. (Doc. 19.) On that same date, the Plan also filed a Motion for Judgment on the Pleadings, arguing that Plaintiff's Second Amended Complaint "states no cause of action against the Plan." (*See generally*, Doc. 20.)[2]

Thereafter, Plaintiff filed the present motion requesting an Order allowing amendment to the Complaint "to more explicitly set out the relationship between the parties which was implied in fact and known to the parties previously just for the purpose of clarification." (Doc. 21.) Defendant objects that Plaintiff's requested amendment was unduly delayed, and that Plaintiff has provided "no adequate reason for . . . seeking a fourth attempt at her complaint, more than a year after the case was initially filed." (Doc. 23, at 5.)

## DISCUSSION

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

---

[2] Plaintiff has responded to the motion (Doc. 22), and Defendant Plan has filed a reply. (Doc. 24.) The district judge has not yet ruled on the motion.

amendment, leave to amend should, as the rules require, be freely given. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

As stated previously, Defendant argues that Plaintiff's requested amendment was unduly delayed. The Tenth Circuit has held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir.1993)). Courts in this circuit, including the undersigned magistrate, have consistently held that a motion to amend may be denied where "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint." *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, *3 (D.Kan. March 13, 2003) (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citation omitted)). Stated another way, "unexplained delay alone justifies the district court's discretionary decision" to reject a proposed amendment to a complaint. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994).

In the matter before the Court, Plaintiff has offered no justification

whatsoever for the requested amendment,[3] stating only that she seeks "to more explicitly set out the relationship between the parties which was implied in fact and known to the parties previously just for the purpose of clarification." (Doc. 21.) The new allegations contained in Plaintiff's proposed Third Amended Complaint, however, do not simply provide "clarification" of the relationship between the parties. (*See* Doc. 21-3, ¶¶ 4, 6, 12-14, and 17.) Instead, they are Plaintiff's attempt to circumvent the arguments contained in Defendant's Motion for Judgment on the Pleadings. Importantly, Plaintiff fails to explain why these allegations were not included in the amendment previously allowed by the Court.

The Court's previous Order (Doc. 13) specifically stated that Plaintiff's prior motion for extension of time to complete service (Doc. 11) was considered "effectively a motion to amend to name 'Raytheon Aircraft Company Retirement Income Plan for Hourly Paid Employees' as a party defendant." (Doc. 13, at 9.) Plaintiff complied with the Court's Order to the degree that she filed an Amended Complaint identifying the Plan as a party defendant in the case caption by the stated deadline. Unfortunately for Plaintiff, that is the only change – substantive or otherwise – made in her Second Amended Complaint. (*Compare* First Amended

---

[3] In fact, Plaintiff's one-page motion does not include any substantive argument or supporting authority whatsoever. (Doc. 21.)

Complaint, Doc. 2, to Second Amended Complaint, Doc. 14.)

Although Plaintiff has technically requested an "amendment" rather than an additional extension, the Court finds that Plaintiff's current request contravenes the Court's February 28, 2008, Order.  (Doc. 13.)  In the context of treating Plaintiff's motion for an extension to be a motion to amend, the Court's prior Order instructed Plaintiff in no uncertain terms that "no further extensions will be considered or allowed" and that she "**must comply** with the requirements set out in this Memorandum and Order **in all regards**."  (*Id*. (emphasis added).)

As stated in that Order, the Court has been "very bothered with the time and effort required of both Defendant and the Court in resolving issues which were clearly avoidable and within the control of Plaintiff and her counsel."  (*Id*., at n. 3.) The Court cannot fathom – and Plaintiff has offered no explanation as to why – Plaintiff's Second Amended Complaint properly naming "Raytheon Aircraft Company Retirement Income Plan for Hourly Paid Employees" as a party Defendant did not include the factual allegations Plaintiff now seeks to make in yet another amended complaint.[4]  Given the Court's prior Order – and the lack of a substantive explanation by Plaintiff – the Court **DENIES** Plaintiff's Motion to

---

[4] In reaching its decision, this Court is making no determination as to the legal sufficiency of Plaintiff's allegations regarding the Plan.  Those are matters to be addressed by the district judge in connection with the pending motion for judgment on the pleadings.

7

Amend.  (Doc. 21.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 21) is hereby **DENIED**.

Dated at Wichita, Kansas, on this 5th day of May, 2008.

                                         s/  DONALD W. BOSTWICK
                                        DONALD W. BOSTWICK
                                        United States Magistrate Judge